UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-15-3

UNITED STATES OF AMERICA

v.

SHAWN MILLER, a.k.a. "White Boy Shawn;
PAUL COLON, a.k.a. "Paul Cane";
ROBBIE SMITH, a.k.a. "Lil Rob";
SEAN LONDON;
ROBERT OATHOUT;
JASON LANGLEY;
HARRY ANASTASIO; and
ANTONIO DELUCIA

Criminal No. 3:15cr113(JAM)

VIOLATIONS:

21 U.S.C. § 846 (Conspiracy to Distribute, and to Possess with Intent to Distribute, Controlled Substances)

21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Possession with Intent to Distribute, and Distribution of, a Controlled Substance)

21 U.S.C. § 843(b) (Use of a Telephone to Facilitate A Narcotics Trafficking Felony)

FILED 2015 OCT 20 PM 2:08 U.S. DISTRICT COURT NEW HAVEN CT

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute and to Possess With Intent to Distribute Heroin and Cocaine Base)

1. From in or about November 2014, through on or about May 6, 2015, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants SHAWN MILLER, a.k.a. "White Boy Shawn"; PAUL COLON, a.k.a. "Paul Cane"; ROBBIE SMITH, a.k.a. "Lil Rob"; SEAN LONDON; Jeffrey Smith, a.k.a. "J-Money," who is charged in a separate Information, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute, controlled substances, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a

detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

2. Defendants SHAWN MILLER, a.k.a. "White Boy Shawn," PAUL COLON, a.k.a. "Paul Cane," and SEAN LONDON knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

3. Defendant ROBBIE SMITH, a.k.a. "Lil Rob," knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

4. Defendants SHAWN MILLER, a.k.a. "White Boy Shawn" and PAUL COLON, a.k.a. "Paul Cane," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

5. Defendant SEAN LONDON knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that

the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

6. Defendant ROBBIE SMITH, a.k.a. "Lil Rob," knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
(Possession with Intent to Distribute and Distribution of Cocaine Base)

7. On or about February 17, 2015, in the District of Connecticut, the defendant SHAWN MILLER, a.k.a. "White Boy Shawn," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

COUNT THREE
(Possession with Intent to Distribute and Distribution of Cocaine Base)

8. On or about April 28, 2015, in the District of Connecticut, the defendant SEAN LONDON knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FOUR
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

9. On or about April 13, 2015, in the District of Connecticut, the defendant ROBERT OATHOUT intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT FIVE
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

10. On or about April 30, 2015, in the District of Connecticut, the defendant ROBERT OATHOUT intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT SIX
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

11. On or about April 9, 2015, in the District of Connecticut, the defendant JASON LANGLEY intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the conspiracy to possess with the intent to distribute controlled substances charged in Count One of the Indictment, which act is prohibited by the provisions of Title 21, United States Code, Section 846.

In violation of Title 21, United States Code, Section 843(b).

COUNT SEVEN
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

12. On or about April 10, 2015, in the District of Connecticut, the defendant JASON LANGLEY intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT EIGHT
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

13. On or about April 16, 2015, in the District of Connecticut, the defendant ANTONIO DELUCIA intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT NINE
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

14. On or about April 24, 2015, in the District of Connecticut, the defendant ANTONIO DELUCIA intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT TEN
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

15. On or about April 21, 2015, in the District of Connecticut, the defendant HARRY ANASTASIO intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

COUNT ELEVEN
(Use of a Telephone to Facilitate a Narcotics Trafficking Felony)

16. On or about April 26, 2015, in the District of Connecticut, the defendant HARRY ANASTASIO intentionally and unlawfully used a communication facility, that is, a telephone, to facilitate the knowing, intentional and unlawful possession with intent to distribute and distribution of a controlled substance, which acts are prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843(b).

FORFEITURE ALLEGATION
(Controlled Substances Offenses)

17. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Three of this Superseding Indictment, the defendants SHAWN MILLER, a.k.a. "White Boy Shawn"; PAUL COLON, a.k.a. "Paul Cane"; ROBBIE SMITH, a.k.a. "Lil Rob"; and SEAN LONDON, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or

part, to commit, or to facilitate the commission of, the said violations, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

18. If any of the above-described forfeitable property, as a result of any act or omission of the said defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL,

/s/

FOREPERSON

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY